# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GLEN DIVINCENTI ET AL. | CIVIL ACTION |
| VERSUS | NO: 18-6881 |
| ERIC HARMON ET AL. | SECTION: "H"(1) |

## ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss (Doc. 4). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiffs Glen Divincenti and Lloyd Green bring this suit against their former employer, United Bulk Terminals Davant, LLC, and their former supervisor, Eric Harmon, for the emotional distress they allege they experienced after they were terminated. Plaintiffs allege that they were fired when they refused Harmon's orders to perform a crane maneuver that they felt was dangerous. Shortly after their termination, a "catastrophic" accident occurred while crews were performing the same task in which Plaintiffs had refused to participate. Plaintiffs allege that they have experienced severe

1

emotional distress since their terminations and the accident, including flashbacks, nightmares, insomnia, and irritability.

Defendants now move for the dismissal of, or alternatively summary judgment on, Plaintiff's claims arguing that (1) the Longshore and Harbor Workers' Compensation Act is their exclusive remedy and (2) they cannot, on the facts pled, succeed on a claim for intentional infliction of emotional distress. Plaintiffs oppose this Motion.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the

---

[1] Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[2] *Id.*
[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 678.
[5] *Id.*
[6] *Lormand*, 565 F.3d at 255–57.

2

complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

## LAW AND ANALYSIS

Defendants argue that Plaintiffs cannot succeed on their claim for state law intentional infliction of emotional distress because their exclusive remedy lies under the Longshore and Harbor Workers' Compensation Act (LHWCA). Plaintiffs do not appear to dispute the application of the LHWCA to this case or the exclusivity provision contained therein.[9] However, they argue that concurrent jurisdiction exists between the LHWCA and state statutory compensation schemes, creating a "twilight zone" between state and federal compensation schemes that allows them to bring this suit under the intentional tort exception to the Louisiana Workers' Compensation Act. In so arguing, Plaintiffs rely on the Supreme Court's decision in *Sun Ship, Inc. v. Pennsylvania*, decided in 1980, which held that the availability of a remedy under the LHWCA did not preclude concurrent state coverage.[10]

In 1989, however, "the Louisiana legislature passed Act Number 454 [creating Louisiana Revised Statutes § 23:1035.2] which effectively eliminated the workers' choice of federal or state compensation, as had been set forth in *Sun Ship*."[11] Section 23:1035.2 states, "No compensation shall be payable in

---

[8] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[9] "Some courts have found a narrow exception to the exclusivity-of-remedy provisions in the . . . Longshore Act where an employer has a specific intent to injure the employee." Martin v. Halliburton, 808 F. Supp. 2d 983, 992 (S.D. Tex. 2011). Plaintiffs do not allege that Defendants specifically intended to cause them emotional distress.
[10] Sun Ship, Inc. v. Pennsylvania, 447 U.S. 715 (1980).
[11] Dempster v. Avondale Shipyards, Inc., 643 So. 2d 1316, 1317 (La. App. 5 Cir. 1994).

respect to the disability or death of any employee covered by the . . . Longshoremen's and Harbor Worker's Compensation Act." Section 23:1035.2 "now divests plaintiffs of the concurrent state and federal remedies."[12] Accordingly, Plaintiffs argument that they should be allowed to bring a state law claim against their former employer because of the concurrent jurisdiction between state and federal compensation schemes fails.[13] Plaintiffs assert no other arguments to support the maintenance of this action.

## **CONCLUSION**

For the foregoing reasons, the Motion is GRANTED. Plaintiffs' case is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 9th day of January, 2019.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[12] Abadie v. Metro. Life Ins. Co., 784 So. 2d 46, 67 (La. App. 5 Cir. 2001).
[13] *See* Brown v. Avondale Indus., Inc., 617 So. 2d 482, 482 (La. 1993) (stating that if an employee elects LHWCA benefits, the Louisiana Worker's Compensation Act is not implicated and "the conflicting provisions of the federal Act selected by the employee control").